LUCIEN C. BERTRAND, Jr., Judge Pro Tern.
Plaintiff, Gulfco Finance Company, Inc., loaned a certain sum of money to defendants, John W. Garrett, Monica F. Garrett, and Ethel LaCasse, pursuant to a promissory note. Defendants defaulted on the note, and Gulfco filed suit for the principal sum due, plus interest, attorney’s fees, and costs.
No transcript of the hearing of this matter is included in the record, but it is apparent that defendants did not contest the obligation itself, the correctness of the amount sued for, and the delinquent status of the obligation. *603 Rather, they have alleged as an affirmative defense a usurious rate of interest, requiring the forfeiture of all interest due on the note pursuant to La.R.S. 9:8501.
After judgment was rendered in favor of Gulfco Finance, defendants perfected this appeal. Defendants contend that the “ANNUAL PERCENTAGE RATE” of 38.50% and the “FINANCE CHARGE” of $588.26, both of which figures are included on the face of the note, render the note usurious and viola-tive of La.R.S. 9:3519. Specifically, defendants rely on federal regulations to define the term “finance charge” and to calculate the “annual percentage rate.” Then, defendants switch to the Louisiana Consumer Credit Law and argue that the finance charge (as defined under federal law) is illegal, and the annual percentage rate (as calculated under federal law) is usurious.
Gulfco Finance does not deny that the finance charge and annual percentage rate specified on the face of the note were calculated pursuant to federal regulations and definitions. Gulfco argues, however, that those figures are not determinative of legality under Louisiana law. We agree, and for the following reasons, affirm the judgment of the trial court.
Under La.R.S. 9:3519 A(a) of the Louisiana Consumer Credit Law, the maximum loan finance charge for a loan not exceeding $1,400 is 36% per year. The phrase “loan finance charge” is a term of art in Louisiana defined at La.R.S. 9:3516(23)(a); it specifically excludes origination fees (see § 3516(23)(b)) and documentation fees (see § 3516(8)(b)). Additionally, under La.R.S. 9:3530(A) and (C), origination fees and documentation fees are not to be considered as interest and are not included in the calculation of interest.
After reviewing the documents included in the record, we conclude that the “FINANCE CHARGE” of $588.26 listed on the note at issue herein includes a $25.00 origination fee and a $5.00 documentation fee. Those figures are not part of the loan finance charge as defined by Louisiana law and cannot be used to calculate the interest charged herein.
We reject defendants’ argument that the origination fee and documentation fee charged must be considered as part of the loan finance charge merely because those fees have been listed under the heading “PREPAID FINANCE CHARGES” on the preprinted note utilized in this case. La.R.S. 9:3516(26) defines prepaid finance charge as a loan finance charge. However, as previously noted, origination fees and documentation fees are not part of a loan finance charge. A preprinted form utilized by Gulfco Finance cannot change the legal characterization and status of certain fees which are defined and described by Louisiana law.
Turning to the annual percentage rate of 38.50% listed on the note, we find that federal laws which specify how a percentage rate should be calculated for purposes of the Federal Reserve System Truth in Lending Regulations are not determinative of a legal interest rate under Louisiana law. We find as a matter of fact that the figure listed on the note (38.50%) was calculated with a finance charge of $588.26, including an origination fee and a documentation fee. Again, neither of these are part of a loan finance charge under Louisiana law. Therefore, it necessarily follows that the annual percentage rate of 38.50% is not a figure relevant to determining legality under § 3519 of the Louisiana Consumer Credit Law.
The contractual rate of interest specified in the note is 35.99% per annum. Defendants have not shown that this rate results in a loan finance charge greater than 36% as specified in La.R.S. 9:3519(A)(a). Defendants have therefore not proved the affirmative defense of illegality. Accordingly, the judgment rendered against them is hereby affirmed, at defendants’ cost.
AFFIRMED.